LOCKE LORD LLP
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
Matthew B. Nazareth (SBN: 278405)
mnazareth@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile:  213-485-1200

Attorneys for Defendant
CALIBER HOME LOANS, INC.

**FILED & ENTERED**

**JAN 17 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sandoval DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: LINDA RIVERA,<br><br>　　　　Debtor. | Case No. 6:16-bk-19627-MH<br><br>Chapter 7 |
| LINDA RIVERA,<br>　　　　Plaintiff,<br>vs.<br>DUKE PARTNERS II, LLC, CALIBER HOME LOANS, INC. and QUALITY LOAN SERVICE CORP.,<br>　　　　Defendants. | Adversary No. 6:16-ap-01268-MH<br><br>**ORDER GRANTING DEFENDANT CALIBER HOME LOANS, INC.'S MOTION TO DISMISS**<br><br>**DATE:**　　January 4, 2017<br>**TIME:**　　2:00 P.M.<br>**COURTROOM:** 303 |

The matter came to be heard before the Court on the above date and time on Caliber Home Loan, Inc.'s Motion to Dismiss, filed November 30, 2016 as Adv. Docket No. 4.  Appearances were made as reflected in the Court record.

1

ORDER ON DEFENDANT CALIBER HOME LOANS, INC.'S MOTION TO DISMISS
*Linda Rivera v. Duke Partners II, LLC, et al.  Adv. No. 6:16-ap-01268-MH*

The Court having considered the Notice of Motion and Motion to Dismiss and any other pleading or papers filed in support or in opposition to the Motion; and having considered all argument at the hearing; with good cause appearing therefore based on the findings set forth on the record at the hearing and in the Court's tentative ruling, attached hereto as Exhibit A,

**IT IS HEREBY ORDERED** that

(1) Caliber Home Loans, Inc.'s Motion to Dismiss is GRANTED and Plaintiff's Complaint is dismissed as to Caliber Home Loans, Inc., with leave to amend.

(2) Any amended complaint shall be filed and served by January 31, 2017.

###

Date: January 17, 2017

Mark Houle
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 04, 2017                                                                 Hearing Room    303

2:00 PM
**6:16-19627**   **Linda Rivera**                                                                              **Chapter 7**
Adv#: 6:16-01268   Rivera v. Duke Partners II LLC et al

   **#17.00**   Motion To Dismiss Action Pursuant To Fed.R.Civ.P. 12(b)(6) And
              Fed.R.Bankr.P. 7012

              EH__

                                Docket   4

**Tentative Ruling:**

**01/04/17**

**BACKGROUND**

On October 28, 2016, Linda Rivera ("Debtor") filed a Chapter 7 voluntary petition. Debtor had previously filed a Chapter 13 petition on August 22, 2016; that petition was dismissed on September 13, 2016. On November 7, 2016, Duke Partners II, LLC ("Duke Partners") filed a motion for relief from the automatic stay or for order confirming that the automatic stay does not apply (unlawful detainer). That motion was granted on December 1, 2016.

On October 28, 2016, Debtor filed a complaint against Duke Partners et. al. to: (1) set aside a fraudulent foreclosure and (2) "creditor violating the federal stay under 11 U.S.C.[] § 362(k)." On November 30, 2016, Caliber Home Loans Inc. ("Caliber Home"), one of the secondary defendants, filed a motion to dismiss. Caliber Home also filed a request for judicial notice. No other pleadings have been filed.

**FACTUAL BACKGROUND**

On August 6, 2014, Debtor, along with Rudy Rivera and Jose Mendoza, obtained a loan from Caliber Home in the amount of $231,725 for real property located in Jurupa Valley, California. The loan was secured by a deed of trust, executed the next day, which identified MERS as the beneficiary. MERS assigned the deed of trust to Caliber Home on November 21, 2015. Debtor contends that no transfer occurred.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 04, 2017**　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　　303**

2:00 PM
**CONT...**　　　**Linda Rivera**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 7**

On February 18, 2016, Quality Loan Service Corporation ("Quality Loan") substituted in as trustee and recorded a notice of default, indicating that the borrowers were $11,329.68 in arrears. Borrowers did not cure the arrears, and Quality Loan recorded a notice of trustee's sale on May 23, 2016, which identified an amount owing of $242,958.66. The real property was sold on August 22, 2016 at 11:13 a.m.

On August 22, 2016, at 3:50 p.m., Debtor filed a Chapter 13 petition. The petition was dismissed on September 13, 2016 for failure to file information. On October 12, 2016, the Court ordered relief from the automatic stay as to Duke Partners, finding that "the filing of this petition did not operate as a stay with respect to Movant's perfecting of its title."

**DISCUSSION**

　　1. **Legal Standard**

Under Fed. R. Civ. P. Rule 12(b)(6), made applicable in adversary proceedings through Fed. R. Bankr. P. Rule 7012, a bankruptcy court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." In reviewing a Fed. R. Civ. P. Rule 12(b)(6) motion, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The trial court, however, need not accept as true conclusory allegations in a complaint or legal characterizations cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Hartman v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).

To avoid dismissal under Fed. R. Civ. P. Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). It is axiomatic that a claim cannot be plausible when it has no legal basis. "A dismissal under Rule 12(b)(6) may therefore be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1151 (9th Cir. 2016).

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 04, 2017**  **Hearing Room  303**

2:00 PM
**CONT...    Linda Rivera**  **Chapter 7**

  Fed. R. Civ. P. Rule 12(d) provides that if matter outside the pleadings is presented, and not excluded by the Court, on a motion to dismiss, the motion is converted to a motion for summary judgment under Fed. R. Civ. P. Rule 56. A court may grant summary judgment if the movant shows that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRBP 7056 (incorporating FRCP 56). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Where the record take as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. 242, at 249-50. "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." 477 U.S. 242 at 248.

  **2. Foreclosure Sale**

It appears that Debtor challenges the foreclosure sale on the following grounds: (1) no transfer to Caliber Home ever occurred, possibly because no transfer to MERS ever occurred; (2) a creditor does not have standing to foreclose on property while the property is in a loan modification process. Regarding the former, it is difficult to determine what Debtor is alleging. Debtor attached a deed of trust to her complaint, demonstrating the beneficiary was MERS, as nominee for Caliber Home, the lender. Furthermore, Debtor attached an assignment of deed of trust, demonstrating that MERS assigned its rights to Caliber Home.

In her statement of fact, no. 3, Debtor alleges that this assignment was void, but provides no detail. Statement of fact, no. 9, appears to state Debtor's explanation:

  Both Creditors are basing all Facts on a VOID Assignment of Deed of trust.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, January 04, 2017**                                                      **Hearing Room    303**

2:00 PM
**CONT...**     **Linda Rivera**                                                                                   **Chapter 7**

As with ALL "MERS" cases, MERS assigned the mortgage/deed of trust for the Alleged Lender. Ultimately as Matter-At-Law, there is MERS has NO supporting facts of LAW that supports "**MERS**" Claims as having standings to assign or transfer any Interest in a Homeowners Promissory Note, therefore the Honorable courts are now ruling MERS lacks standing to transfer any NOTE to an alleged third party Debt Collector. CREDITORS FACTS ARE BASED ON A VOID ASSIGNMENT OF DEED OF TRUST. **Please see Evidence B BASED ON CREDITORS FING THE SUPREME COUR RECENTLY RULED IN TSVETANA YVANOVA,** *Plaintiff and Appellant,* **v. NEW CENTURY MORTGAGE CORPORATION et. al., Defendants and Respondents.**

While *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919 (Cal. 2016) did hold that a borrower had standing to sue for wrongful foreclosure on grounds that assignment of note and deed of trust was void, Debtor, in her complaint, must still aver "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. 662, 678. Here, Debtor has not alleged any facts or provided any evidence which could lead to a plausible inference that the transfer was void.

Debtor also alleges that Creditor did not have standing to foreclose because Debtor was in a loan modification process; Debtor cites Homeowners Bill of Rights Newly Codified Section 2924. Cal. Civil Code § 2924.11 which does prevent foreclosure sales in certain circumstances, however, Debtor does not actually allege that she was in an approved loan modification program. Furthermore, as Movant notes, "an action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes." *Geren v. Deutsche Bank Nat.*, 2011 WL 3568913 at *5 (E.D. Cal. 2011). Therefore, Debtor has failed to state a legally cognizable claim.

### 3. Violation of Automatic Stay

The Court has granted relief from stay to Duke Partners in both of Debtor's recently filed bankruptcy cases. The Court determined that the recording of the trustee's deed upon sale occurred within the fifteen days specified in Cal. Code Civ. P. § 2924(h) and that the recording did not violate the automatic stay pursuant to *In re Garner*, 208

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 04, 2017                                                Hearing Room    303

2:00 PM
**CONT...**     **Linda Rivera**                                                                       **Chapter 7**

B.R. 698 (Bankr. N.D. Cal. 1997). The Court will not revisit this determination, and notes that Debtor has not provided a legal argument on this issue.

The two other contentions Debtor makes in regard to the automatic stay are that the sale itself was a violation of the automatic stay and that Debtor service a "3 Day Notice" in violation of the automatic stay. Under Fed. R. Evid. Rule 201 the Court can take judicial notice of the contents of its dockets. Duke Partners provided evidence in its relief from stay motions that the foreclosure sale occurred on the morning of August 22, 2016, while Debtor filed bankruptcy at 3:50 p.m. Therefore, the foreclosure sale was not a violation of the automatic stay. Additionally, Debtor's contention that a three-day notice was a violation of the automatic stay is without merit. Debtor asserts that this notice was issued on October 11, 2016, while the order granting relief from stay was not entered until October 12, 2016. The notice attached to Debtor's complaint, however, is dated October 12, 2016. Therefore, Debtor has not alleged any plausible grounds for violation of the automatic stay.

**TENTATIVE RULING**

The Court is inclined to GRANT the motion and dismiss the complaint with leave to amend.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

    Linda Rivera                                        Pro Se

**Defendant(s):**

    Quality Loan Service Corp               Pro Se

    Caliber Home Loans Inc                 Represented By
                                                             Nina Huerta

    Duke Partners II LLC                     Pro Se

# United States Bankruptcy Court
## Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

| Wednesday, January 04, 2017 | | Hearing Room | 303 |
|---|---|---|---|

**2:00 PM**
**CONT...**     **Linda Rivera**                                                                                       Chapter 7

   **Movant(s):**

      Caliber Home Loans Inc          Represented By
                                       Nina Huerta

   **Plaintiff(s):**

      Linda Rivera                            Pro Se

   **Trustee(s):**

      Steven M Speier (TR)              Pro Se